IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD WARNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-832-JJF |
| ) | |
| HOME OF MERCIFUL REST SOCIETY, ) | |
| d/b/a KENTMERE NURSING CARE ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS IN PART PLAINTIFF'S COMPLAINT**

David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899
(302) 888-6900/5849
Attorneys for Defendant

Dated: February 18, 2008

## TABLE OF CONTENTS

                                                                                                **Page**

TABLE OF AUTHORITIES ................................................................................... iii

NATURE AND STAGE OF PROCEEDINGS ............................................................1

STATEMENT OF FACTS .........................................................................................2

SUMMARY OF ARGUMENT ...................................................................................3

ARGUMENT ..............................................................................................................4

       A.      Standard of Review ................................................................................4

       B.      Plaintiff's Federal Retaliation Claims (Counts 1-3) Must Be
                Dismissed Because Plaintiff Failed To Comply With
                Jurisdictional And Procedural Prerequisites Under Title VII
                To Allege Retaliation In This Action .......................................................4

       C.      The State Law Discrimination Claim (Count IV) Should Be
                Dismissed With Prejudice Because Plaintiff Failed To Allege He
                Exhausted His Administrative Remedies .................................................6

       D.      The State Law Discrimination/Retaliation Claims (Count IV)
                Should Be Dismissed With Prejudice Because Plaintiff's
                Claims Are Barred By The Statute Of Limitations ..................................7

       E.      The Good Faith And Fair Dealing Claim Fails To Allege
                Fraud, Deceit Or Misrepresentation, Thus It Must Be Dismissed ...........8

CONCLUSION ........................................................................................................12

## ATTACHMENTS

**TAB**

*Benjamin v. E.I. DuPont De Nemours & Co.*,
  No. Civ. A. 01-303, 2001 WL 1327739
  (D. Del. Oct. 22, 2001) ..................................................................................................A

*O'Neil v. Montgomery County Cmty. Coll.*,
  No. 05-5169, 2006 WL 1648990
  (E.D. Pa. June 12, 2006) ..............................................................................................B

*Peterson v. Beebe Med. Ctr., Inc.*,
  No. 565, 1992, 1993 WL 102560
  (Del. Mar. 24, 1993)......................................................................................................C

*Rigaud v. Garofalo*,
  No. Civ. A. 04-1866, 2005 WL 1124269
  (E.D. Pa. May 9, 2005) ................................................................................................D

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Benjamin v. E.I. DuPont De Nemours & Co.*,
  No. Civ. A. 01-303, 2001 WL 1327739
  (D. Del. Oct. 22, 2001) ...................................................................................................4

*Brodsky v. Hercules, Inc.*,
  966 F. Supp. 1337 (D. Del. 1997) ................................................................................10

*Clark v. Kraft Foods, Inc.*,
  18 F.3d 1278 (5th Cir. 1994) .........................................................................................5

*Conrad v. Amp, Inc.*,
  20 Fair Empl. Prac. Cas. (BNA) 905 (M.D.N.C. 1979) ................................................5

*Ditzel v. Univ. of Medicine and Dentistry of N.J.*,
  962 F. Supp. 595 (D.N.J. 1997) ....................................................................................4

*Duffy v. Se. Pa. Transp. Co.*,
  67 Fair Empl. Prac. Cas. (BNA) 1797 (E.D. PA 1995) ................................................6

*E.I. DuPont de Nemours & Co. v. Pressman*,
  679 A.2d 436 (Del. 1996) .....................................................................................8, 9, 11

*E.E.O.C. v. Avecia*,
  151 Fed. Appx. 162 (3d Cir. 2005) ..............................................................................10

*Farrell v. Planters Lifesavers Co.*,
  206 F.3d 271 (3d Cir. 2000) ..........................................................................................6

*Geddes v. Univ. of Del.*,
  40 Fed. Appx. 650 (3d Cir. 2002) ................................................................................10

*Gonzalez v. Nat'l R.R. Passenger Corp.*,
  49 Fair Empl.. Prac. Cas. (BNA) 1135 (E.D. Pa. 1989) ............................................5, 6

*Holland v. Zarif*,
  794 A.2d 1254 (Del. Ch. 2002) .....................................................................................7

*Lord v. Souder*,
  748 A.2d 393 (Del. 2000) ..............................................................................................9

*Merrill v. Crothall-American, Inc.*,
  606 A.2d 96 (Del. 1992) ................................................................................................8

*Nami v. Fauver*,
  82 F.3d 63 (3d Cir. 1996) ..............................................................................................4

*O'Neil v. Montgomery County Cmty. Coll.*,
  No. 05-5169, 2006 WL 1648990
  (E.D. Pa. June 12, 2006) ...............................................................................................4

*Peterson v. Beebe Med. Ctr., Inc.*,
  No. 565, 1992, 1993 WL 102560 (Del. Mar. 24, 1993) ................................................9

*Reed v. Agilent Techs., Inc.*,
  174 F. Supp. 2d 176 (D. Del. 2001) .........................................................................8, 10

*Rigaud v. Garofalo*,
  No. Civ. A. 04-1866, 2005 WL 1124269
  (E.D. Pa. May 9, 2005) ..................................................................................................5

*Rogan v. Giant Eagle, Inc.*,
  113 F. Supp. 2d 777 (W.D. Pa. 2000),
  aff'd, 276 F.3d 579 (3d Cir. 2001) (TABLE) ................................................................5

*Sanchez v. Standard Brands, Inc.*,
  431 F.2d 455 (5th Cir. 1970) .........................................................................................6

*Sandom v. Travelers Mortgage Servs.*,
  752 F. Supp. 1240 (D.N.J. 1990) ..................................................................................6

*Shomide v. ILC Dover, Inc.*,
  521 F. Supp. 2d 324 .....................................................................................................10

*Ulmer v. Home Depot*,
  471 F. Supp. 2d 474 (D. Del. 2007) ............................................................................10

*West v. Phila. Elec. Co.*,
  45 F.3d 744 (3d Cir. 1995) ............................................................................................5

*Weston v. Pennsylvania*,
  251 F.3d 420 (3d Cir. 2001) ..........................................................................................6

*Williams v. Caruso*,
  966 F. Supp. 287 (D. Del. 1997) ............................................................................10, 11

*Wilson v. State of Kansas Dept. of Admin.*,
   45 Fair Empl. Prac. Cas. (BNA) 1481 (D. Kan. 1986) ..................................................5

*Woodson v. Scott Paper Co.*,
   109 F.3d 913 (3d Cir. 1997) ..........................................................................................6

*Wright v. ICI Americas Inc.*,
   813 F. Supp. 1083 (D. Del. 1993) .................................................................................8

**Statutes and Other Authorities**

19 *Del. C.* § 710 .........................................................................................................................1

19 *Del. C.* § 712(c)(1) ........................................................................................................6, 7, 8

19 *Del. C.* § 714 .........................................................................................................................7

19 *Del. C.* § 727 .........................................................................................................................7

29 U.S.C. § 626(d)(2) .................................................................................................................4

42 U.S.C. § 621 ..........................................................................................................................1

42 U.S.C. § 2000e-1 ...................................................................................................................7

42 U.S.C. § 2000e-5(e) ..............................................................................................................4

42 U.S.C. § 12101 ......................................................................................................................1

42 U.S.C. § 12117(a) .................................................................................................................4

Federal Rules of Civil Procedure 12(b)(6) ............................................................................1, 4

## NATURE AND STAGE OF PROCEEDINGS

The complaint in this action (the "Complaint") was filed on December 19, 2007. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Home of Merciful Rest Society, d/b/a Kentmere Nursing Care Center ("Kentmere"), moves the Court to dismiss the Complaint in part because the Complaint, which purports to assert discrimination and retaliation claims under Delaware's Discrimination in Employment Act, 19 *Del. C.* § 710 *et. seq.* (the "Delaware Act"), the Age Discrimination in Employment Act, 42 U.S.C. § 621 *et. seq.* (the "ADEA") the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* (the "ADA") and 42 U.S.C. § 200e-1 et. seq. ("Title VII") fails to state a claim upon which relief can be granted. There is no allegation the plaintiff (the "Plaintiff") exhausted his administrative remedies under the Delaware Act, his claims under the Delaware Act are time barred, and the Plaintiff failed to exhaust his administrative remedies under the anti-retaliation provisions of the ADEA, the ADA and Title VII. Lastly, Plaintiff's covenant of good faith and fair dealing claim fails as a matter of law. This is Kentmere's Opening Brief in support of its motion to dismiss in part (the "Motion").

## STATEMENT OF FACTS

Plaintiff was employed by Kentmere as the Director of Maintenance until he was terminated on March 27, 2006. (Compl.¶1) On January 25, 2007, Plaintiff filed with the Equal Employment Opportunity Commission (the "EEOC") a charge of discrimination (the "Charge"). (Exhibit A to Plaintiff's Complaint) The charge was filed 287 days after he was terminated by Kentmere. The Charge was submitted to the EEOC only--it was not filed with the Delaware Department of Labor (the "DOL").

In the Complaint, Plaintiff alleges discrimination and retaliation on the basis of age, disability and gender under Delaware law, and retaliation on the basis of age, disability and gender under Federal law. He also alleges a violation of the covenant of good faith and fair dealing.[1] The Complaint does not allege Plaintiff exhausted his administrative remedies with the DOL and a copy of a Delaware right-to-sue letter is not attached to the Complaint. Furthermore, Plaintiff did not file a charge with the EEOC alleging retaliation.

---

[1] Plaintiff also alleges discrimination under the ADEA, the ADA and Title VII, and a violation of Delaware's Whistleblowers Protection Act, none of which are the subject of this motion to dismiss.

## SUMMARY OF ARGUMENT

1.  Plaintiff's federal retaliation claims (Counts 1-3) must be dismissed because Plaintiff failed to comply with jurisdictional and procedural prerequisites under Title VII to allege retaliation in this action.

2.  The state law discrimination/retaliation claim (Count IV) should be dismissed with prejudice because Plaintiff fails to allege he exhausted his administrative remedies.

3.  The state law discrimination/retaliation claims (Count IV) should be dismissed with prejudice because Plaintiff's claims are barred by the statute of limitations.

4.  The good faith and fair dealing claim fails to allege fraud, deceit or misrepresentation, thus it must be dismissed.

# ARGUMENT

A. **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates dismissal of a complaint if it fails to state a claim on which relief can be granted. In deciding a motion to dismiss, the Court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, if it appears that the plaintiff can prove no set of facts that would entitle him to relief, the Court should grant the Motion. *Id.*

B. **Plaintiff's Federal Retaliation Claims (Counts 1-3) Must Be Dismissed Because Plaintiff Failed To Comply With Jurisdictional And Procedural Prerequisites Under Title VII To Allege Retaliation In This Action**

It is settled law that the timely exhaustion of administrative procedures is a precondition to the maintenance of a civil suit under the ADEA, the ADA and Title VII. *E.g., O'Neil v. Montgomery County Cmty. Coll.*, No. 05-5169, 2006 WL 1648990, at *2 (E.D. Pa. June 12, 2006).[2] In Delaware, the charge must be filed within 300 days after the alleged wrongful act occurred. 42 U.S.C. § 12117(a) (ADA), 29 U.S.C. § 626(d)(2) (ADEA); 42 U.S.C. § 2000e-5(e) (Title VII); *Benjamin v. E.I. DuPont De Nemours & Co.*, No. Civ. A. 01-303, 2001 WL 1327739, at *2 (D. Del. Oct. 22, 2001). To state a viable claim in court and survive a motion to dismiss, the plaintiff must allege facts showing that he filed a charge within the required time period and that the claims he asserts in court are within the scope of the allegations raised in the administrative charge. *See Ditzel v. Univ. of Medicine and Dentistry of N.J.*, 962 F. Supp. 595, 602 (D.N.J. 1997) (dismissing ADA claim because plaintiff did not plead in his complaint that he

---

[2] Unreported decisions cited herein are attached in the order in which they appear.

exhausted administrative remedies); *Rigaud v. Garofalo*, No. Civ. A. 04-1866, 2005 WL 1124269, at *2 (E.D. Pa. May 9, 2005) (dismissing ADEA claim for failure to exhaust administrative remedies) (citing *West v. Phila. Elec. Co.*, 45 F.3d 744 (3d Cir. 1995)); *Gonzalez v. Nat'l R.R. Passenger Corp.*, 49 Fair Empl. Prac. Cas. (BNA) 1135 (E.D. Pa. 1989) (same, Title VII case).

According to Plaintiff's Charge, Kentmere discriminated against him. Plaintiff did not file an administrative charge concerning retaliation. Courts refuse to expand complaints to include specific unlawful employment practices not alleged in charges. Generally, an expanded complaint is disallowed unless the complaint rises on the same facts as are set forth in the charge. *See e.g., Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1279-1280 (5th Cir. 1994). For example, courts dismiss complaints that allege age and race discrimination in promotion and leave policies when the charge alleges only a hostile work environment claim. See *Wilson v. State of Kansas, Dept. of Admin.*, 45 Fair Empl. Prac. Cas. (BNA) 1481 (D. Kan. 1986). When the subject of an EEOC charge is discriminatory discharge, Courts preclude a plaintiff from proceeding with a broad based attack on employment practices generally. *See e.g,. Conrad v. Amp, Inc.*, 20 Fair Empl. Prac. Cas. (BNA) 905 (M.D.N.C. 1979).

The Complaint and the Charge arise out of different facts. In the Charge, Plaintiff alleges <u>discrimination</u> in violation of federal law on the basis of sex, age and disability. (Exhibit A to Plaintiff's Complaint)[3] Notably, he does not "check the box," which was

---

[3] This Court can and should consider Plaintiff's administrative Charge in connection with this Motion to Dismiss because the Charge, which is an undisputedly authentic document and matter of public record, is essential to Plaintiff's claims of discrimination. (Compl. ¶ 7); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3d Cir. 2001) (TABLE).

an available option on the Charge form, to allege retaliation. (Exhibit A to Plaintiff's Complaint) Moreover, in his Charge, Plaintiff does not make out the allegations of a retaliation claim.[4] Plaintiff identifies no protected activity that preceded adverse employment action such as would support a claim of retaliation. The retaliation charge thus cannot be pursued. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970 ); s*ee also Gonzalez v. Nat'l R.R. Passenger Corp.*, 49 Fair Empl. Prac. Cas. (BNA) 1135 (E.D. PA 1989); s*ee also Duffy v. Se. Pa. Transp. Co.*, 67 Fair Empl. Prac. Cas. 1797 (E.D. PA 1995); *see also Sandom v. Travelers Mortgage Servs.*, 752 F. Supp. 1240, 1247-1248 (D.N.J. 1990). Accordingly, the Court should dismiss the retaliation claims with prejudice because Plaintiff failed to exhaust his administrative remedies by filing a timely charge of discrimination concerning retaliation.[5]

C.  **The State Law Discrimination/Retaliation Claim (Count IV) Should Be Dismissed With Prejudice Because Plaintiff Fails To Allege He Exhausted His Administrative Remedies**

In the Complaint, Plaintiff alleges that Kentmere discriminated and retaliated against him on the basis of gender, age and disability in violation of the Delaware Act (Count IV). However, Plaintiff does not allege he filed an administrative charge with the EEOC or the Delaware Department of Labor claiming violations of the Delaware Act, a prerequisite to the institution of a claim under the Delaware Act. 19 *Del. C.* § 712(c)(1)

---

[4] To establish a *prima facie* case of retaliation, Plaintiffs must show: "(1) he or she engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action." *Weston v. Pennsylvania*, 251 F.3d 420, 430 (3d Cir. 2001) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000)); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir.1997).
[5] Having failed to file a charge within 300 days after the alleged discrimination occurred, there is simply no amendment to the Complaint that could cure Plaintiff's failure to exhaust.

("Any person claiming to be aggrieved by a violation of this chapter <u>shall first</u> file a charge of discrimination within 120 days of the alleged unlawful employment practice or its discovery, setting forth a concise statement of facts, in writing, verified and signed by the charging party.") (emphasis added). Moreover, exhaustion of administrative remedies is a prerequisite to commencing a civil action under the Delaware Act. 19 *Del. C.* § 714. Plaintiff purports to bring Count IV under the Delaware Act but wholly fails to allege he followed the administrative prerequisites to doing so. "[C]ourts interpreting the [Delaware] Act have held that it creates no private right of action independent of the administrative procedures set forth in the Act itself." *Holland v. Zarif*, 794 A.2d 1254, 1258 (Del. Ch. 2002). Thus, because Plaintiff does not allege he exhausted his administrative remedies concerning his Delaware state law discrimination/retaliation claims, such claims are not properly before the Court.

D.  **The State Law Discrimination/Retaliation Claims (Count IV) Should Be Dismissed With Prejudice Because Plaintiff's Claims Are Barred By The Statute Of Limitations**

In addition to his failure to file a charge with the DOL, Plaintiff's state law discrimination/retaliation claims should be dismissed on the alternate ground that Plaintiff did not timely file a charge under the Delaware Act. As set forth in the Delaware Act "Any person claiming to be aggrieved by a violation of this chapter shall first file a charge of discrimination within 120 days of the alleged unlawful employment practice or its discovery..." 19 *Del. C.* § 712(c)(1); 19 *Del. C.* § 727 (incorporating § 712 for the statute of limitations under Delaware's disability discrimination statute). Plaintiff missed this deadline.

Plaintiff was terminated on March 27, 2006. (Compl. ¶1). On January 25, 2007, Plaintiff filed the Charge. The Charge was thus filed 287 days after he was terminated. Surely, when Plaintiff was terminated he was aware of the allegedly unlawful practice. *See Wright v. ICI Americas Inc.,* 813 F. Supp. 1083 (D. Del. 1993) (the statute of limitations on employee's state law tort claims discrimination began to run when employee suffers adverse employment action); *see also* 19 *Del. C.* § 712(c). Consequently, Plaintiff's state law discrimination/retaliation claims must be dismissed because an administrative complaint was not filed within 120 days of the allegedly unlawful act.

E.  **The Good Faith And Fair Dealing Claim Fails To Allege Fraud, Deceit Or Misrepresentation, Thus It Must Be Dismissed**

Plaintiff alleges Kentmere breached the covenant of good faith and fair dealing by terminating his employment (Count VI). Essentially, he alleges that Kentmere exaggerated the magnitude of multiple "minor" episodes (some of which he contends were not "wrongful"). This claim fails because in order to state a claim of breach of the implied covenant of good faith and fair dealing, an employer's actions must "constitute[ ] 'an aspect of fraud, deceit or misrepresentation.'" *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 437 (Del. 1996). "The Delaware Supreme Court has strictly limited the application of the implied covenant of good faith and fair dealing in the employment context . . . ." *Reed v. Agilent Techs., Inc.*, 174 F. Supp. 2d 176, 190 (D. Del. 2001) (emphasis added). Plaintiff does not allege fraud, deceit or misrepresentation, therefore his claim must fail as a matter of law.

The general rule in Delaware is that employees are employed "at will" and may be dismissed at any time without cause. *See Merrill v. Crothall-American, Inc.*, 606 A.2d

96, 103 (Del. 1992). There is a strong presumption that employment relationships are at will unless otherwise stated. *Lord v. Souder*, 748 A.2d 393, 400 (Del. 2000). The general rule does not apply, however, in the following four situations: (i) where the termination violated public policy; (ii) where the employer misrepresented an important fact and the employee relied "'thereon either to accept a new position or remain in a present one'; (iii) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; and (iv) where the employer falsified or manipulated employment records to create fictitious grounds for termination." *Lord*, 748 A.2d at 400 (*citing E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 442-44 (Del. 1996)). Absent bad faith, an employer has the freedom to terminate an at-will employment relationship for its own legitimate business, or even highly subjective reasons. *Peterson v. Beebe Med. Ctr, Inc.*, No. 565, 1992, 1993 WL 102560 (Del. Mar. 24, 1993).

In an effort to plead around the strict at-will doctrine, Plaintiff alleges that Kentmere violated the covenant of good faith and fair dealing under the fourth exception to the at will doctrine – in other words, by allegedly "falsifying the reasons" for his termination. (Compl. ¶61). The allegation that Kentmere falsified the reason for Plaintiff's termination fails as a matter of law to state a claim for a breach of the covenant of good faith and fair dealing.

The covenant of good faith and fair dealing, upon which Plaintiff relies, "relates solely to an act or acts of the employer manifesting bad faith or unfair dealing achieved by deceit or misrepresentation in falsifying or manipulating a record to create fictitious grounds to terminate employment." *E.I. DuPont de Nemours & Co.*, 679 A.2d at 444 (en

banc). "If the employer did not actually falsify or manipulate employment records, then it does not matter if the employer gave a false rationale for the termination." *E.E.O.C. v. Avecia*, 151 Fed. Appx. 162, 165-166 (3d Cir. 2005) (granting summary judgment in favor of employer and holding that "even if we assume that [the employer] falsely claimed that [plaintiff] was fired for behavioral and performance issues, this is not the kind of falsehood specified in the fourth category" of *Pressman*); *see also Williams v. Caruso*, 966 F. Supp. 287, 291 (D. Del. 1997) ("Nothing in *Pressman* suggests an employer who gives an employee a false reason for termination is subject to liability under the implied covenant of good faith and fair dealing. *Pressman* only held culpable the *manufacture* of grounds for dismissal, not the *statement* of a false reason for dismissal.") (emphasis in original); *see also Geddis v. Univ. of Del.*, 40 Fed. Appx. 650, 654 (3d Cir. 2002) (noting that the employee did not claim his supervisor "intentionally created 'fictitious negative information' about him in order to get him fired" and thus the conduct at issue did not fit the fourth exception to the at-will doctrine); *Shomide v. ILC Dover, Inc.*, 521 F. Supp. 2d 324, 333 (D. Del. 2007) (granting summary judgment on a covenant of good faith and fair dealing claim and stating- "Even if defendant gave plaintiff a false reason for his layoff, plaintiff may not recover if defendant did not actually falsify or manipulate employment records."); *Ulmer v. Home Depot*, 471 F. Supp. 2d 474 (D. Del. 2007) (concluding the plaintiff could not state a claim under the fourth category of *Pressman* when the employer did not falsify any records); *Reed*, 174 F. Supp. 2d 176 (same); *Brodsky v. Hercules, Inc.*, 966 F. Supp 1337, 1352 (D. Del. 1997) (granting summary judgment to former employer of terminated employee and stating: "As an at-will employee, he was not entitled to an explanation for his dismissal, and there

is no allegation a Hercules agent has engaged in deceit or falsified his employment records. Accordingly, the Court declines Brodsky's ambitious invitation to expand further the narrow exceptions to the at-will employment doctrine."). This Court must reject, as this and other courts roundly have rejected, Plaintiff's claim that the covenant of good faith and fair dealing is violated when an allegedly "false reason" is provided by the employer. As there is no allegation Kentmere fabricated or manufactured grounds, evidence or records, the line of cases above compel the dismissal of Count VI.

Plaintiff also contends that his wrongful behavior was exaggerated to cover up the real reason for his termination, which he purports was due to his complaints about safety violations. Compl. ¶61. Essentially, he makes the same "pretext" argument that has been rejected as a means by which other plaintiffs have attempted to argue around the strict application of the at-will doctrine and its exceptions set forth in *Pressman*. *See Reed*, 174 F. Supp. 2d 176 (where the plaintiff argued that the reasons for his termination were pretextual and the reasons for termination were falsified, the *Williams v. Caruso* line of cases apply and the claim fails unless there is evidence that the employer manufactured grounds for dismissal.) On this additional ground, Count VI must be dismissed.

## CONCLUSION

For the foregoing reasons, Kentmere respectfully requests that the Complaint be dismissed in part.

                                        Respectfully submitted

                                        /s/ James H. McMackin, III
                                        David H. Williams (#616)
                                        dwilliams@morrisjames.com
                                        James H. McMackin, III (#4284)
                                        jmcmackin@morrisjames.com
                                        MORRIS JAMES LLP
                                        500 Delaware Avenue
                                        Suite 1500
                                        Wilmington, DE 19899
                                        (302) 888-6900/5849
                                        Attorneys for Defendant

Dated: February 18, 2008