# TAB A

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1648990 (E.D.Pa.)
**(Cite as: 2006 WL 1648990 (E.D.Pa.))**

Page 1

H
Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
James E. O'NEIL, Plaintiff,
v.
MONTGOMERY COUNTY COMMUNITY COLLEGE, Defendant.
**Civil Action No. 05-5169.**

June 12, 2006.

Kenneth A. Young, Philadelphia, PA, for Plaintiff.

Steven K. Ludwig, Fox Rothschild O'Brien & Frankel, LLP, Philadelphia, PA, for Defendant.

*MEMORANDUM*
BAYLSON, J.

**I. Introduction**

*1 Plaintiff seeks damages for employment discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951.

The Court previously entered an order directing discovery on jurisdictional issues, which has been completed. Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 10), contending that this court lacks jurisdiction because Plaintiff failed to exhaust required administrative remedies. For the reasons that follow, summary judgment is appropriate.

**II. Factual Background**

Plaintiff was terminated from his employment September 29, 2003. He is disabled and currently receives Social Security disability benefits. On March 26, 2004, Mr. Tom McCourt, Plaintiff's "representative and power of attorney," completed a questionnaire with the Pennsylvania Human Relations Commission ("PHRC"), alleging that Plaintiff's termination by Montgomery County Community College ("MCCC") was discriminatory and retaliatory. The questionnaire provided an option whereby the PHRC would notify the Equal Opportunity Employment Commission ("EEOC") of the complaint. [FN1]

FN1. The PHRC and EEOC are state and federal counterparts.

On November 15, 2004, a representative of PHRC, Eugene Sweeney, sent a letter to Tom McCourt requesting additional information needed to perfect the complaint. Specifically, the letter requested identification of Plaintiff's specific disability, Plaintiff's basis for alleging retaliation, and Plaintiff's basis for alleging age as a protected class. [FN2]

FN2. The letter specified that the date that the original questionnaire was submitted would be used for statute of limitations purposes.

Plaintiff never communicated with, nor received communication from, the EEOC, the United States Department of Justice ("DOJ"), or the PHRC concerning the specific claims asserted in this lawsuit. Plaintiff never received a right-to-sue letter from the EEOC or DOJ.

Because, apparently, the PHRC did not consider Plaintiff's complaint to be "perfected," the PHRC did not investigate Plaintiff's complaint, nor did they notify or communicate with Defendant MCCC, the EEOC, or the DOJ concerning Plaintiff's allegations.

**III. Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 1648990 (E.D.Pa.)  
**(Cite as: 2006 WL 1648990 (E.D.Pa.))**

Page 2

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.*

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it s believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

*2 Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. *Anderson,* 477 U.S. at 255.1

**IV. Discussion**

Defendant claims that Plaintiff's ADA and ADEA claims are barred because (1) no sufficient "charge" was timely filed and (2) Plaintiff did not receive a right-to-sue letter indicating that he had exhausted his administrative remedies.

In response, Plaintiff admits he did not receive a right-to-sue letter (*see* Pl.'s Resp. to Def.'s Statement of Facts), and he does not offer any argument explaining why this undisputed fact should not be dispositive for purposes of summary judgment. While it is not entirely clear from his short brief, Plaintiff appears to be arguing for the application of a "frustration" exception to exhaustion of administrative remedies requirement. *See* Pl.'s Br. at 6. Additionally, Plaintiff contends that he filed claims with the PHRC, a competent state agency, that were sufficient to constitute a "charge" within the meaning of the law. *See* Pl.'s Br. at 4. Plaintiff makes this argument even though the parties agree that Plaintiff did not file a "perfected" complaint within the PHRC's definition thereof. *See* Def.'s Statement of Facts No. 19, Pl.'s Response to Def.'s Statement of Facts No. 19. Plaintiff's argument is unconvincing.

**A. Plaintiff failed to obtain a right-to-sue letter signaling exhaustion of administrative remedies and ripeness of this lawsuit.**

The ADA and ADEA require a plaintiff to file a complaint with the EEOC within 300 days of the alleged unlawful employment activity prior to bringing suit. *See* 42 U.S.C. § 12117(a)(ADA); 29 U.S.C. § 633(b) (ADEA). Under a sharing agreement between the PHRC and the EEOC, a complaint filed with the PHRC can be deemed filed with the EEOC, even if the complainant did not explicitly request a dual filing. *See Holmes v. Pizza Hut of Am.,* No. 97-4967, 1998 WL 564433, at *3 (E.D.Pa.1998). Issuance of a "right-to-sue" letter by the EEOC following an investigation indicates to the complainant that all administrative remedies have been exhausted. 42 U.S.C. § 2000e-5(f)(1); *Burgh v. Borough Council,* 251 F.3d 465, 470 (3d Cir.2001). Failure to exhaust administrative remedies warrants dismissal of federal discrimination claims. *See, e.g., Antol v. Perry,* 82 F.3d 1291, 1296 (3d Cir.1996) (holding that summary judgment was proper where plaintiff did not exhaust administrative remedies concerning sex discrimination claim).

*3 It is undisputed that Plaintiff did not file a complaint with the EEOC at any point following his termination on September 29, 2003. *See* Def.'s Statement of Facts; Pl.'s Resp. Nos. 8-12. While the

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 1648990 (E.D.Pa.)  
**(Cite as: 2006 WL 1648990 (E.D.Pa.))**

Page 3

PHRC questionnaire completed by Mr. McCourt included an option for cross-filing with the EEOC, it is undisputed that the EEOC did not receive a charge or communicate with Plaintiff and Plaintiff never received the required right-to-sue letter from the EEOC. *See* Def.'s Statement of Facts; Pl.'s Resp. Nos. 8-17. Moreover, Plaintiff never subsequently pursued any action with the EEOC to obtain such letter.

It is not possible to tell from the current record whether these failures may have been beyond Plaintiff's control (perhaps due to disorganization at the PHRC), but it appears that Plaintiff failed to fulfill a statutory prerequisite to bringing suit in federal court. *Burgh*, 251 F.3d at 470. If Plaintiff has not exhausted administrative remedies, (as evidenced by the lack of a right-to-sue letter), this Court lacks jurisdiction over Plaintiff's ADEA and ADA claims.

**1. Plaintiff's PHRC complaint is insufficient as a "Charge" for ADA and ADEA purposes.**

The charge filed is considered sufficient when it includes a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of. 29 C.F.R. § 1601.12(b); *Benn v. First Judicial Dist. Of Pa.*, 2000 WL 1236201 (E.D.Pa. Apr. 26, 2000). The mere existence of a writing may not be sufficient. *Michelson v. Exxon Research & Eng'g*, 808 F.2d 1005, 1010 (3d Cir.1987); *Benn*, 2000 WL 1236201. An intake questionnaire alone may not satisfy the filing requirement, *Gulezian v. Drexel Univ.*, 1999 WL 153720, at *2 (E.D.Pa. Mar. 19, 1999); rather, the charge must be of the kind that would convince a reasonable person that the complainant has manifested an intent to activate the statutory machinery of the ADA or ADEA. *Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir.1983).

Both *Michelson* and *Gulezian* involved parties that contacted the EEOC expressing interest in initiating a claim (indeed, *Gulezian* even completed a questionnaire). *Michelson*, 808 F.2d at 1010; *Gulezian*, 1999 WL 153720, at *3. In both cases, however, the parties were informed that further information was needed. *Michelson*, 808 F.2d at 1010; *Gulezian*, 1999 WL 153720, at *3. In *Michelson*, the plaintiff failed to subsequently provide the information, and the court found that sufficient charges had therefore not been filed. *Michelson*, 808 F.2d at 1010. In *Gulezian*, the court found that "the EEOC ... did not regard or treat plaintiff's intake questionnaire as a charge and no reasonable complainant could have perceived otherwise" until the additional information was provided. 1999 WL 153720, at *3.

Here, the parties dispute the legal issue of whether the initial questionnaire was sufficiently precise to constitute a "charge" within the meaning of the law. [FN3] Plaintiff, relying on *Benn's* criteria for a "charge," argues that the questionnaire alone both identified the parties involved and described the practices complained of, including unlawful discrimination and the presence of a disability. [FN4] *See* Pl.'s Br. at 4. Defendant argues that while the questionnaire was timely filed for statute of limitations tolling purposes, *see* Def.'s Br. 5, Ex. H, the complaint was not "perfected"--a fact which was brought to Plaintiff's attention shortly after November 15, 2004. Def.'s Statement of Facts No. 30; Pl.'s Statement of Facts No. 30. Therefore, without the additional information, the PHRC could not begin an investigation. *See* Def.'s Br. at 6.

> FN3. The questionnaire itself has not been offered as an exhibit by either Plaintiff or Defendant.
>
> FN4. The Court in Benn Specifically noted the sparse initial complaint was sufficient under the law at least in part because there was no evidence that the EEOC considered it insufficient or needed further information. *Benn*, 2000 WL 1236201.

*4 Plaintiff does not dispute that a "perfected" complaint was never filed with the PHRC, and that no complaint was ever directly filed with the EEOC. *See* Pl.'s Resp. to Def.'s Statement of Facts Nos. 8-17, 19. Relying on *Michelson*, and *Gulezian*, Defendant argues, convincingly, that since a perfected

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 1648990 (E.D.Pa.)  
**(Cite as: 2006 WL 1648990 (E.D.Pa.))**

Page 4

complaint was not filed, the questionnaire is not a sufficient charge under the law. [FN5] We agree with Defendant: *Michelson, Gulezian,* and common sense dictate that (1) Plaintiff failed to take the necessary steps to "perfect" his PHRC complaint and (2) un unperfected PHRC complaint, considered insufficient by the PHRC itself, does not constitute a "charge" under the law. *Michelson,* **808 F.2d at 1010;** *Gulezian,* **1999 WL 153720, at \*3.** [FN6]

> FN5. Plaintiff may be arguing that a "perfected" complaint and a "charge" are different concepts, though he does articulate or support such a position.

> FN6. Assuming, as we suggest, that the intake questionnaire originally completed by Mr. McCourt is insufficient as a "perfected" charge, the parties also appear to dispute facts as to whether Plaintiff timely responded to the request for additional information so as to "perfect" a charge. Plaintiff argues that Mr. McCourt responded within fifteen days of receipt of the request, while Defendant argues that PHRC never received a response from Plaintiff until after November 7, 2005--a date *after* the filing of the instant lawsuit. However, given that Plaintiff has *admitted that no perfected complaint was filed* (*see* Pl.'s Resp. to Def.'s Statement of Facts No. 19), we consider this dispute to be largely immaterial.

Summary judgment is therefore appropriate.

**2. Sufficiency of the PHRC Complaint for PHRA Purposes**

Plaintiffs must file complaints of discrimination with the PHRC within 180 days of the alleged discrimination prior to filing suit. *See* 43 P.S. §§ 959(a), 962; *Woodson v. Scott Paper Co.,* 109 F.3d 913, 925 (3d Cir.1997).

The parties do not dispute that Plaintiff filed an initial questionnaire on March 26, 2004, within the required statute of limitations. However, as discussed *supra,* Plaintiff admits that he never "perfected" his PHRC complaint. Summary judgment is therefore also appropriate for the PHRA claim.

**B. "Frustration" Exception**

Plaintiff's briefing mentions, strictly in passing, the potential application of a "frustration" exception concerning the exhaustion of required administrative remedies.

Exhaustion of administrative remedies may not be required where exhaustion would be futile or inadequate. *Honig v. Doe,* 484 U.S. 305, 327 (1988). Following *Honig,* many Courts of Appeals have interpreted the "futility" exception narrowly and has set the bar quite high fro ADA/ADEA claims. *See, e.g., **M.T.V. v. DeKalb County Sch. Dist.,** **446 F.3d 1153, 1159 (11th Cir.2006)(burdening plaintiffs with showing more than speculative futility for an ADA claim);** Coomer v. Bethasda Hosp., Inc., **370 F.3d 499, 505 (6th Cir.2004)(requiring a "clear and positive" indication of futility). While the Third Circuit has not dealt with this issue specifically in the context of the ADA or ADEA, it has interpreted the "futility" exception narrowly in analogous administrative contexts. See W.B. v. Matula,** **67 F.3d 484, 496 (3d Cir.1995)(Individuals with Disabilities Education Act);** Lester H. v. Gilhool,* 916 F.2d 865, 868 (3d Cir.1990) (Education of Handicapped Act). The court has recognized the unique competence of administrative agencies to investigate allegations and develop a factual record. *Lester H.,* 916 F.2d at 868. Only where the plaintiff can show that the issues to be resolved are legal rather than factual will a futility exception be justified. *See W.B.,* 67 F.3d at 496 (recognizing futility where a factual record was already established); *Lester H.,* 916 F.2d at 868.

\*5 Here, however, Plaintiff does not even offer a rudimentary explanation as to why his pursuit of administrative remedies would be futile. Nor does Plaintiff assert that the substantive issues involved in this discrimination suit are purely legal in nature.

In short, it is simply unclear from Plaintiff's brief-

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1648990 (E.D.Pa.)
**(Cite as: 2006 WL 1648990 (E.D.Pa.))**

Page 5

ing why this exception is requested and on what basis it could be granted. In the absence of any compelling argument whatsoever, there is no convincing reason for the court to excuse Plaintiff's failure to exhaust administrative remedies. More importantly, however, is the fact that, as discussed *supra,* even if Plaintiff were eligible for an exhaustion exception, he likely still could not survive summary judgment because he did not file a sufficient charge to activate the statutory machinery that could allow this lawsuit.

**V. Conclusion**

The Court will grant Defendant's Motion for Summary Judgment because Plaintiff (1) did not file a sufficient charge below, and, as a result, (2) did not receive a right-to-sue letter from the EEOC indicating that administrative remedies were exhausted.

An appropriate order follows.

***ORDER***
AND NOW, this 12th day of June, 2006, Defendant's Motion for Summary Judgment is GRANTED. The clerk shall mark this case closed.

Not Reported in F.Supp.2d, 2006 WL 1648990 (E.D.Pa.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

# TAB B

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1327739 (D.Del.)
**(Cite as: 2001 WL 1327739 (D.Del.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
Ellis BENJAMIN, Plaintiff,
v.
E.I. DUPONT DE NEMOURS & CO., Defendant.
**No. CIV. A. 01-303-SLR.**

Oct. 22, 2001.

MEMORANDUM ORDER
ROBINSON, District J.

I. INTRODUCTION

*1 On March 30, 2001, plaintiff Ellis Benjamin filed a complaint in the Superior Court of Delaware alleging violations of the Age Discrimination in Employment Act ("ADEA"), 19 U.S.C. § 621, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (D.I.1, Ex. A) On May 8, 2001, defendant E.I. Dupont de Nemours & Co. removed the action to this court pursuant to 28 U.S.C. §§ 1331 and 1441(a). (D.I.1) Currently before the court is defendant's motion to dismiss the complaint for failure to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (D.I.2) For the following reasons, defendant's motion is denied.

II. BACKGROUND

Plaintiff was born on May 25, 1946. (D.I.1, Ex. A) Plaintiff was hired by defendant's Agricultural Products Division in April 1988 and was terminated from his position as Senior Assistant Chemist on October 31, 1999. (*Id.*)

Plaintiff alleges that he noticed a "distinct change" in his female supervisor's attitude toward him around April 1, 1999, from "helpful, supportive and congenial" to "petty harassment, accusations, criticism and demeaning treatment." (*Id.*) According to plaintiff, the Agricultural Products Division was notified on July 1, 1999 of an impending reduction in personnel, and plaintiff's supervisor was "tasked" to terminate either plaintiff or another "much younger" employee. (*Id.*) Plaintiff further alleges that, "because of his age and recent time missed for surgery, [he] was intentionally subjected to a humiliating and demeaning course of conduct" used to create inferior performance appraisals to justify his termination. (*Id.*) Plaintiff claims that the alleged discriminatory conduct began on April 1, 1999 and continued through August 31, 1999. (*Id.*)

Plaintiff alleges that he filed a charge of discrimination with the EEOC on or about January 13, 2000. (*Id.*) Plaintiff received a Notice of Right to Sue from the EEOC on January 2, 2001. (*Id.*)

III. STANDARD OF REVIEW [FN1]

> FN1. Lack of exhaustion and timeliness in discrimination cases are "in the nature of statutes of limitation" and not jurisdictional bars, therefore, they must be reviewed under Federal Rule of Civil Procedure 12(b)(6) and not 12(b)(1). *Anjelino v. New York Times Co* ., 200 F.3d 73, 87 (3d Cir.1999).

In analyzing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir.1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The moving party has the burden of persuasion. *See Kehr Packages,*

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2001 WL 1327739 (D.Del.)  
**(Cite as: 2001 WL 1327739 (D.Del.))**

Page 2

*Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.1991).

IV. DISCUSSION

*2 To state a viable claim of discrimination based on age or disability in Delaware, an aggrieved party must file a charge of discrimination with the EEOC within 300 days of the last alleged unlawful employment practice. *See* 29 U.S.C. § 626(d)(2); 42 U.S.C. § 12117(a); *Davis v. Calgon Corp.,* 627 F.2d 674, 677 (3d Cir.1980) (per curiam) (holding that plaintiff in deferral state, such as Delaware, is entitled to 300-day filing period, regardless of whether he has filed state administrative complaint within 180 days after alleged discrimination occurred).

In the case at bar, plaintiff claims that he filed a handwritten charge of discrimination on or about January 13, 2000, which was later "perfected" on August 21, 2000. Accepting plaintiff's allegations as true, the court finds that plaintiff provided adequate notice of his claims within 300 days of the last alleged discriminatory occurrence and, therefore, fulfilled the EEOC filing requirement.

V. CONCLUSION

Therefore, at Wilmington, this 22nd day of October, 2001;

IT IS ORDERED that:

1. Defendant's motion to dismiss (D.I.2) is denied.

2. All motions to join other parties and amend the pleadings shall be filed on or before December 21, 2001.

3. All discovery shall be completed on or before January 21, 2002.

4. All dispositive motions shall be filed on or before February 21, 2002. Responses shall be filed on or before March 7, 2002. Reply briefs may be filed on or before March 21, 2002.

Not Reported in F.Supp.2d, 2001 WL 1327739 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

# TAB C

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1124269 (E.D.Pa.)
**(Cite as: 2005 WL 1124269 (E.D.Pa.))**

Page 1

H
Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
Carmen RIGAUD
v.
Judy GAROFALO, et al.
**No. Civ.A. 04-1866.**

May 9, 2005.

Pietro A. Barbieri, West Chester, PA, Carmen Rigaud.

Maureen P. Fitzgerald, Todd Alan Ewan, Philadelphia, PA, for Judy Garofalo, et al.

*MEMORANDUM AND ORDER*
KAUFFMAN, J.

*1 Plaintiff Carmen Rigaud ("Plaintiff"), brings this action against Defendants Judy Garofalo, Suburban Woods Health & Rehabilitation, Brandywine Senior Care, Business Health Services, Dr. Jeffrey Heebner, and Dr. James Nicholson alleging a Health Insurance Portability and Accountability Act ("HIPAA") violation (Count I); common law slander (Count II); intentional and negligent infliction of emotional distress (Count III); intentional interference with contractual relations against Defendants Business Health Services, Dr. Jeffrey Heebner and Dr. James Nicholson (Count IV); and wrongful termination in violation of public policy and retaliation (Count V), wrongful termination in violation of the Age Discrimination in Employment Act ("ADEA") (Count VI), wrongful termination in violation of the Americans with Disabilities Act ("ADA") (Count VII), and wrongful termination in violation of the Fourteenth Amendment and 42 U.S.C. §§ 1981, 1983, and 2000d, *et seq.*, against Defendants Suburban Woods Health & Rehabilitation ("Suburban Woods") and Brandywine Senior Care ("Brandywine") (Count VIII). Now before the Court is Defendant Brandywine's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) or failure to state a claim on which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, the Court will grant the Motion.

I. *Background and Procedural History*

This Opinion adopts the Background outlined in the May 2, 2005 Memorandum and Order granting the Motion to Dismiss of Defendants Heebner, Nicholson and Business Health Services and dismissing Counts I, II, III and IV. Defendant Brandywine further independently moves to dismiss Counts V, VI, VII, and VIII.

II. *Legal Standard*

A. Fed.R.Civ.P. 12(b)(1)

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must distinguish between motions that attack the complaint on its face and those that attack the existence of subject matter jurisdiction in fact. *Mortensen v. First Fed. Sav. & Loan Assoc.,* 549 F.2d 884, 891 (3d Cir.1977). A facial attack is considered under the same standard as a motion to dismiss under Rule 12(b)(6); all allegations in the complaint are taken to be true. *Id.* If the attack is factual, however, Plaintiff's allegations are not presumed to be true. *Id.* The Court may look beyond the pleadings and make its own determination as to whether it has the power to hear the action. *Cestonaro v. United States,* 211 F.3d 749, 752 (3d Cir.2000). Further, the Plaintiff bears the burden of proving that jurisdiction does in fact exist. *Mortensen,* 549 F.2d at 891.

B. Fed.R.Civ.P. 12(b)(6)

When deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1124269 (E.D.Pa.)
**(Cite as: 2005 WL 1124269 (E.D.Pa.))**

Page 2

most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.,* 764 F.2d 939, 944 (3d Cir.1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

III. *Analysis*

A. Count V--Wrongful Termination in Violation of Public Policy and Retaliation

*2 Plaintiff asserts a claim against Defendant Brandywine for wrongful termination based on public policy. Plaintiff does not assert that Defendant Brandywine was her employer. Plaintiff also does not allege any policy that Defendant Brandywine violated. In fact, outside of the heading of the Counts and in the introductory "Parties" section of the Complaint, Plaintiff makes no substantive mention of Defendant Brandywine. Thus, Plaintiff fails to meet the minimal requirements of notice pleading set out in Fed.R.Civ.P. 8(a), as she does not include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Accordingly, the claim for wrongful termination in violation of public policy will be dismissed as to Defendant Brandywine.

Plaintiff's claim of retaliation appears to be based on Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. To state a claim for retaliation, Plaintiff must establish that: (1) she engaged in a protected activity; (2) Defendant Brandywine took adverse action after or contemporaneous with the protected activity; and, (3) a causal link exists between the protected activity and the employer's adverse employment action. *Abramson v. William Paterson College,* 260 F.2d 265, 286 (3d Cir.2001). While termination of employment constitutes an adverse employment action for the purposes of Title VII, *see Storey v. Burns Int'l Sec. Services,* 390 F.3d 760, 766 (3d Cir.2004), Plaintiff fails to allege that she engaged in a protected activity or that Defendant Brandywine took action against her: She has neither asserted that Defendant Brandywine was her employer nor that it caused the termination of her employment. Thus, Plaintiff's claim for retaliation will be dismissed as to Defendant Brandywine.

B. Count VI--Wrongful Termination under the ADEA

Plaintiff failed to exhaust her administrative remedies before filing a complaint against Defendants based on the alleged ADEA violations. *See West v. Philadelphia Electric Co.,* 45 F.3d 744, 754 (3d Cir.1995) (exhaustion of administrative remedies is a prerequisite to suing under Title VII and the ADEA); *O'Connor v. Tandem Personnel, Inc.,* 1999 WL 627923, at *1 (E.D.Pa. Aug.17, 1999). Therefore, Count VI will be dismissed without prejudice.

C. Count VII--Wrongful Termination under the ADA

Plaintiff also failed to exhaust administrative remedies before filing claims based on violations of the ADA. *See* 42 U.S.C. § 2000e; *Churchill v. Star Enterprises,* 183 F.3d 184, 190 (3d Cir.1999) ("prior to filing suit in federal court under the ADA, a plaintiff must exhaust administrative remedies by filing a complaint with the EEOC"); *Bridges v. Diesel Services Inc.,* 1994 U.S. Dist. LEXIS 9429 (E.D.Pa. July 11, 1994) (dismissing for failure to exhaust administrative remedies). Thus, Count VII will be dismissed without prejudice.

D. Count VIII--Wrongful Termination in Violation of 28 U.S.C. §§ 1331 and 1343, the Fourteenth Amendment and 42 U.S.C. §§ 1981, 1983 and 2000d, *et seq.* [FN1]

> FN1. The Court notes that there are no substantive causes of action arising from 28 U.S.C. §§ 1331 and 1343. They are simply jurisdictional statutes permitting federal question jurisdiction in federal courts.

*1. Fourteenth Amendment and 42 U.S.C. § 1983*

*3 To allege a Fourteenth Amendment violation or

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1124269 (E.D.Pa.)
**(Cite as: 2005 WL 1124269 (E.D.Pa.))**

Page 3

a § 1983 violation, a plaintiff must allege that some form of "state action" was involved in the defendant's wrongful conduct. *See Shelley v. Kramer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948) ("[the Fourteenth] [A]mendment erects no shield against merely private conduct, however discriminatory or wrongful"); *Williams v. Borough of West Chester,* 891 F.2d 458, 464 (3d Cir.1989) (stating that to establish a claim under 42 U.S.C. § 1983, the plaintiff must show that the defendant, acting under color of law, deprived him of a right or privilege secured by the Constitution or laws of the United States).

The Complaint is devoid of any assertion that Defendant Brandywine, or any Defendant, is a state actor or acted under color of state law, and no allegation in the Complaint involves state action. Plaintiff merely alleges that Defendant Brandywine is a "corporation operating under authority granted by the Secretary of the Commonwealth ..." Complaint ¶ 8. However, the fact that a defendant corporation is incorporated by the state is insufficient to meet the state action requirement. *See Jackson v. Met. Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *O'Donnell v. Ahnert Enter.,* 1986 WL 918, at *1 (E.D.Pa. Jan.17, 1986). Thus, any claim pursuant to the Fourteenth Amendment or § 1983 will be dismissed.

*2. 42 U.S.C. § 1981*

Under § 1981, "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence and to the full equal benefit of all laws ..." 42 U.S.C. § 1981. In order to maintain a cause of action under § 1981, Plaintiff must allege: (1) that she is a member of a racially cognizable group; (2) Defendant Brandywine's intention to discriminate on the basis of race; and, (3) that the discrimination concerned one or more of the activities enumerated in the statute, that is the making and enforcing of contracts. *Brown v. Phillip Morris, Inc.,* 250 F.3d 789, 796 (3d Cir.2001); *McBride v. Hosp. of the Univ. of Pa.,* 2001 WL 1132404, at *3 (E.D.Pa. Sept.21, 2001)

(to maintain a § 1981 claim, a plaintiff must demonstrate that the defendant intentionally discriminated against her "because of race in the making, performance, enforcement of the benefits, terms, or conditions of the contractual relationship"). Plaintiff does not allege the existence of any contractual relationship with Defendant Brandywine. *Forcades v. Feeney,* 2004 WL 2603733, at *1 (E.D.Pa. Nov.10, 2004) (dismissing § 1981 claim because the plaintiff neither alleged that the defendant's action was motivated by racial based animus nor that there had been an interference with a private contract). In the present case, Plaintiff does not allege any conduct by Defendant Brandywine based on racial animus; in fact, all conduct alleged in this count is that of Defendant Suburban Woods. Defendant Brandywine is mentioned only in the heading of the Count. Thus, any claim against Defendant Brandywine pursuant to § 1981 will be dismissed.

*3. 42 U.S.C. § 2000d, et seq.*

*4 Under Title VII of the Civil Rights Act, 42 U.S.C. § 2000d, "no person in the United States shall, on the grounds of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal assistance." 42 U.S.C. § 2000d. Plaintiff has failed adequately to plead a claim under § 2000d; she has not alleged either that she was involved in any program or activity that was receiving federal financial assistance or that she was excluded from participating in or was the intended beneficiary of such a program. Consequently, Plaintiff has not provided notice under Fed.R.Civ.P. 8(a)(2) as to her claim and the grounds on which it rests. Thus, any claim pursuant to § 2000d will be dismissed without prejudice.

IV. *Conclusion*

For the foregoing reasons, the Court will grant Defendant Brandywine's Motion to Dismiss. An appropriate Order follows.

*ORDER*

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1124269 (E.D.Pa.)
**(Cite as: 2005 WL 1124269 (E.D.Pa.))**

Page 4

AND NOW, this 9th day of May, 2005, upon consideration of Defendant Brandywine's Motion to Dismiss (docket no. 18), it is ORDERED that the Motion is GRANTED. It is FURTHER ORDERED that:
  (1) Count V is DISMISSED as to Defendant Brandywine;
  (2) Count VI is DISMISSED without prejudice:
  (3) Count VII is DISMISSED without prejudice;
  (4) The portion of Count VIII brought pursuant to 42 U.S.C. § 1981 is DISMISSED solely as to Defendant Brandywine. The portion of Count VIII brought pursuant to 42 U.S.C. § 2000d is DISMISSED without prejudice as to all remaining Defendants. The portions of Count VIII brought pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment and 28 U.S.C. §§ 1331 and 1343, are DISMISSED as to all remaining Defendants.

Not Reported in F.Supp.2d, 2005 WL 1124269 (E.D.Pa.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

# TAB D

Case 1:07-cv-00832-JJF   Document 6   Filed 02/18/2008   Page 15 of 17

**Westlaw.**

623 A.2d 1142 (Table)                                                                                                         Page 1
623 A.2d 1142 (Table), 1993 WL 102560 (Del.Supr.), 10 IER Cases 788
**Unpublished Disposition**
**(Cite as: 623 A.2d 1142, 1993 WL 102560 (Del.Supr.))**

H
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
Barbara PETERSON, Plaintiff Below, Appellant,
v.
BEEBE MEDICAL CENTER, INC., a Delaware Corporation, Defendant Below, Appellee.
**No. 565, 1992.**

Submitted: Feb. 19, 1993.
Decided: March 24, 1993.

Court Below: Superior Court of the State of Delaware in and for New Castle County, C.A. No. 91C-07-147.

Superior Court, New Castle County, 1992 WL 354087.

AFFIRMED.

Before HORSEY, MOORE and WALSH, JJ.

ORDER

MOORE, Justice.

**\*1** This 24th day of March, 1993, it appearing that:

1) Pursuant to Supreme Court Rule 25(a), the defendant-appellee, Beebe Medical Center, Inc. ("Beebe"), has moved to summarily affirm the Superior Court's grant of summary judgment in favor of Beebe on the ground that Delaware law clearly controls the issues on appeal. We agree and af- firm.

2) The plaintiff-appellant, Barbara Peterson ("Peterson") was the Director of Beebe Medical Center's School of Nursing from August 1970 until she was fired in September 1989. Peterson claimed that the termination breached an alleged oral employment contract, and violated the covenant of good faith and fair dealing, which is implied in all employment relationships. The trial court determined that the employment relationship was at-will and that Beebe had not violated the covenant of good faith and fair dealing. Consequently, the trial court granted summary judgment in favor of Beebe.

3) On appeal, Peterson asserts that genuine issues of material fact exist concerning allegations of the breach of the employment contract and the violation of the covenant of good faith and fair dealing.

4) Our review of the trial court's grant of summary judgment to the defendant is *de novo. See Gilbert v. El Paso Co.,* Del.Supr., 575 A.2d 1131, 1141 (1990). Summary judgment is appropriate if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Super.Ct.Civ.R. 56(c); *Moore v. Sizemore,* Del.Supr., 405 A.2d 679, 680- 81 (1979). In determining materiality we consider the facts in the light most favorable to the nonmoving party. *Merrill v. Crothall-American, Inc.,* Del.Supr., 606 A.2d 96, 99-100 (1992). We examine the legal issues to determine whether the trial court "erred in formulating or applying legal precepts." *Gilbert,* 575 A.2d at 1142.

5) When viewed most favorably to Peterson, the facts are as follows:

a) The Chief Administrator of Beebe told Peterson at the time she was hired that, *inter alia,* "we trust you will be here until you retire." Peterson also claimed Beebe sent her a letter of hire, but she could not produce it nor could she recall whether it stated any terms of employment.

b) A document in Beebe's personnel records classified Peterson's employment as "Full Time, Permanent."

c) During Peterson's employment, Beebe issued an employee handbook which discussed discipline and termination procedures in the context of job performance, but did not expressly reserve the right to terminate without cause.

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

623 A.2d 1142 (Table)  
623 A.2d 1142 (Table), 1993 WL 102560 (Del.Supr.), 10 IER Cases 788  
**Unpublished Disposition**  
**(Cite as: 623 A.2d 1142, 1993 WL 102560 (Del.Supr.))**

Page 2

d) Beebe made accommodations to encourage Peterson to remain at Beebe after she was offered other employment.

e) Peterson was unaware of any discharges made by Beebe without cause while she was employed. However, Beebe's employment records indicate that two individuals with significant management responsibilities were discharged for "lack of confidence," the same reason given for plaintiff's termination.

**\*\*2** 6) Under well settled Delaware law, an at-will employment relationship is subject to termination with or without cause. *Heideck v. Kent General Hospital, Inc.,* Del.Supr., 446 A.2d 1095, 1096 (1982); *Gaines v. Wilmington Trust Company,* Del.Super., C.A. No. 90C-MR-135, Del Pesco, J. (June 3, 1991), *aff'd on other grounds,* Del.Supr., No. 250, 1991, Hartnett, V.C. (December 27, 1991) (ORDER); *Emory v. Nanticoke Homes, Inc.,* Del.Super., C.A. No. 82C-MR-14, Ridgely, J. (July 19, 1985) (OPINION). This means that absent bad faith, an employer has the freedom to terminate an at-will employment relationship for its own legitimate business, or even highly subjective, reasons. *Merrill v. Crothall-American, Inc.,* Del.Supr., 606 A.2d 96, 102 (1992). The presumption in favor of at-will employment is a heavy one. *Id.*

7) Regarding Peterson's employment contract claim, she asserts that the trial court erred by analyzing the facts independently, rather than assessing them in an aggregate fashion. Peterson bases this claim on the trial court's statement that "Plaintiff's arguments will be addressed seriatim." The trial court addressed the legal significance of the facts given in the same order listed above.

8) After carefully reviewing the record, we conclude that Peterson's contention regarding the employment contract is without merit. It is incorrect to assume that the trial court dropped the factual context of the case by sequentially addressing their legal significance. The trial court simply used a logical process of legal reasoning to apply pertinent legal principles to the facts implicated by the appellant's arguments. Nothing in the opinion below indicates that the trial court reached its conclusion on an *ad hoc* basis as suggested by the appellant. Whether considered individually or collectively, no genuine issues of material fact exist, and the legal issues presented on appeal are clearly controlled by Delaware law. The trial court committed no error.

9) Peterson's claim of a breach of the implied covenant of good faith and fair dealing is similarly without merit. We recognize an implied covenant of good faith and fair dealing as being part of employment contracts. *Merrill v. Crothall-American, Inc.,* Del.Supr., 606 A.2d 96, 101 (1992). Such a claim requires some aspect of fraud, deceit, or misrepresentation. *Id.* "An employer acts in bad faith when it induces another to enter into an employment contract through actions, words, or the withholding of information, which is intentionally deceptive in some way material to the contract." *Id.* The trial court correctly concluded that Peterson alleged no facts that tended to support the conclusion that a material issue existed as to one or more of the elements for recovery for breach of the implied covenant. We therefore conclude that the trial court committed no error.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is,

**\*\*3** AFFIRMED.

623 A.2d 1142 (Table), 1993 WL 102560 (Del.Supr.), 10 IER Cases 788 Unpublished Disposition

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.