IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD WARNE, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>HOME OF MERCIFUL REST SOCIETY, )<br>d/b/a KENTMERE NURSING CARE )<br>CENTER, )<br>)<br>      Defendant. ) | Case No. 07-832-JJF |

## ANSWER TO COMPLAINT

1. Defendant Home of Merciful Rest Society, Inc., d/b/a Kentmere Nursing Care Center ("Kentmere") lacks sufficient information to respond to the allegations set forth in paragraph 1 of the complaint (the "Complaint"); except Kentmere admits that Plaintiff Ronald Warne ("Warne") was employed by Kentmere from November of 1994 through March 27, 2006.

2. Admitted.

3. The allegations in paragraph 3 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

4. Denied; except admitted Warne became employed by Kentmere in 1994 and was employed by Kentmere until March 27, 2006. Further admitted that Warne was the chair of the Safety Committee at certain times, and that his title was Director of Environmental Services.

5. Denied; except admitted that Warne's duties included oversight over laundry and housekeeping for a brief period of time prior to June of 2004, included overlapping oversight responsibilities with housekeeping regarding floor care, and oversight over

maintenance. By way of further answer, other individuals who reported to Warne should have been responsible for resident transportation.

      6.      Denied.

      7.      Denied that Warne was eligible to receive, or received, a bonus in the year in which he was terminated; otherwise admitted.

      8.      Denied; except admitted that the documents identified in paragraph 8 speak for themselves.

      9.      Denied; except admitted that Warne was an exempt employee whose job duties required him to work varying hours, admitted that it was part of his job to perform preventive maintenance of Kentmere's systems, admitted that all, or most, Kentmere employees volunteered to participate in holiday activities for residents, and admitted that all Kentmere employees spent substantial time with residents. By way of further answer, Kentmere lacks sufficient knowledge to admit or deny what Warne did with his Christmas bonus money.

      10.      Denied; except admitted that all Kentmere employees receive a service award on the 10th anniversary of their employment, and that in 2004 Warner was provided with a vacation for 4 days that included hotels and meals within reason.

      11.      Denied; except admitted that Warne was charged with oversight responsibility for maintenance and during his tenure Kentmere undertook periods of construction and renovation at the facility.

      12.      Denied.

      13.      Denied; except Kentmere lacks sufficient information to admit or deny Warne's concerns. By way of further answer, everyone at Kentmere is responsible to prevent falls, it is the Director of Nursing's job to investigate and report to the State of Delaware patient

falls, there were false fire alarms, and it was part of Warne's job to participate in the Safety Committee.

14. Denied.

15. Admitted.

16. Kentmere lacks sufficient information to admit or deny the allegations set forth in paragraph 16.

17. Denied.

18. Denied.

19. Denied.

20. Denied. By way of further answer, Ellen Mangrelli ("Mangrelli") became the Acting Director Nursing at Kentmere in May, 2005.

21. Denied.

22. Denied; except admitted that Warne worked with approximately 7 directors of nursing at Kentmere prior to working with Mangrelli.

23. Denied.

24. Denied.

25. Admitted.

26. Denied; except admitted that Katherine Ryan sustained injuries as a result of recurrent falls on the 3rd floor Alzheimer's unit. By way of further response, Warne never informed other managers that nurses allegedly were sleeping on the job. Furthermore, it was inappropriate and outside of Warne's job description to monitor nurses.

27. Upon information and belief, admitted.

28. Denied.

3

29. Denied.

30. Denied; except admitted that Executive Director Ellen Mahler ("Mahler") drafted a Risk Management Program.

31. Denied.

32. Denied.

33. Denied; except admitted that the relationship between Mahler and Warne deteriorated. By way of further response, the document referred to in paragraph 33 speaks for itself.

34. Denied; except admitted that Warne was abusive to Darnell Jackson, attacked staff members at numerous meetings, and had an altercation with Jean Gayle, who was Mahler's assistant.

35. Denied; except admitted that prior to 2005, Warne did not receive written warnings or written corrective action.

36. Denied; except admitted that the February 17, 2006 meeting occurred and was adjourned prior to its resolution.

37. Denied. By way of further answer, there is a separate fall committee which met separate and apart from the Risk Management Committee.

38. Denied; except admitted that during the February 17, 2006 meeting, Warne stated that he respectfully disagreed with numerous proposed courses of action.

39. Denied; except admitted that Warne complained historically about not getting access to certain files. By way of further response, Warne never requested from Mangrelli access to her record books.

40. Denied.

41. Denied.

42. Denied; except that Kentmere's board is involved and wants to know procedures regarding falls and safety and Kentmere. By way of further response, the performance review identified in paragraph 42 speaks for itself.

43. Denied.

## COUNT I

44. Responses to paragraphs 1 through 43 are restated and incorporated as if set forth herein.

45. The allegations in paragraph 45 set forth a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

46. The allegations in paragraph 46 set forth a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

## COUNT II

47. Responses to paragraphs 1 through 46 are restated and incorporated as if set forth herein.

48. The allegations in paragraph 48 set forth a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

49. The allegations in paragraph 49 set forth a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

50. The allegations in paragraph 50 set forth a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

## COUNT III

51. Responses to paragraphs 1 through 50 are restated and incorporated as if set forth herein.

52. The allegations in paragraph 52 set forth a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

53. The allegations in paragraph 53 set forth a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

## COUNT IV

54. Responses to paragraphs 1 through 53 are restated and incorporated as if set forth herein.

55. The allegations in paragraph 55 set forth a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

56. The allegations in paragraph 56 set forth a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

## COUNT V

57. Responses to paragraphs 1 through 56 are restated and incorporated as if set forth herein.

58. The allegations in paragraph 58 set forth a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

59. The allegations in paragraph 59 set forth a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

## COUNT VI

60. Responses to paragraphs 1 through 59 are restated and incorporated as if set forth herein.

61. Denied.

62. The allegations in paragraph 62 set forth a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

WHEREFORE, Kentmere demands that judgment be entered in favor of Kentmere and against Warne on the above claims, including an award in favor of Kentmere for attorneys fees and costs and such further relief as the Court deems appropriate.

### FIRST ADDITIONAL DEFENSE

63. The Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

64. Plaintiff is not entitled to punitive damages.

### THIRD ADDITIONAL DEFENSE

65. Punitive damages are not available under Title 19, Chapter 17.

### FOURTH ADDITIONAL DEFENSE

66. Certain claims may be barred by the relevant statute of limitations.

### FIFTH ADDITIONAL DEFENSE

67. Plaintiff did not "report" a "violation" as provided in Title 19, Chapter 17.

### SIXTH ADDITIONAL DEFENSE

68. There is no right to recover for discrimination under Title 19, Chapter 17.

### SEVENTH ADDITIONAL DEFENSE

69. Warne was not the victim of discrimination or retaliation.

### EIGHTH ADDITIONAL DEFENSE

70. Decisions were made without regard to protected activity or any other impermissible consideration.

### NINTH ADDITIONAL DEFENSE

71. The Complaint does not set forth a factual basis for the allegation that Warne was harassed as set forth in paragraphs 45, 49, and 55.

### TENTH ADDITIONAL DEFENSE

72. Warne's age discrimination fails for, among other reasons, the fact he was replaced by someone of the same protected class.

### ELEVENTH ADDITIONAL DEFENSE

73. Warne was not regarded as disabled.

### TWELFTH ADDITIONAL DEFENSE

74. Warned failed to exhaust his administrative and/or state law age, gender and disability claim which bars his claims under Title 19, Chapter 7.

### THIRTEENTH ADDITIONAL DEFENSE

75. Warne's retaliation claims set forth in Counts I, II and III of the Complaint fail because his charge of discrimination does not identify retaliation as a violation, and he thus failed to exhaust his administrative remedies.

### FOURTEENTH ADDITIONAL DEFENSE

76. Warne's allegation in paragraph 58 that he was discharged because he raised questions about Kentmere's Medicare/Medicaid packages is not supported by facts or allegations in the Complaint.

## FIFTEENTH ADDITIONAL DEFENSE

77. Warne's Complaint does not allege fraud, deceit or misinterpretation.

## SIXTEENTH ADDITIONAL DEFENSE

78. Warne's claims under Title 19, Chapter 7 are barred by the statute of limitations.

## SEVENTEENTH ADDITIONAL DEFENSE

79. The Complaint identifies no protected activity such as would support a retaliation claim.

## EIGHTEENTH ADDITIONAL DEFENSE

80. Plaintiff should have undertaken reasonable efforts to mitigate his purported damages.

MORRIS JAMES LLP

_____
James H. McMackin, III
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-5849
Attorneys for Defendant

Dated: February 18, 2008

1690420/1

## CERTIFICATE OF SERVICE

I, James H. McMackin, III, hereby certify that on this 18th day of February, 2008, I have caused the following documents to be served electronically on the parties listed below:

**ANSWER TO COMPLAINT**

Online service to:

>Herbert G. Feuerhake, Esquire
>521 West Street
>Wilmington, DE  19801

_____
James H. McMackin, III (#4284)