```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE
```

RONALD WARNE,                    :
                                 :
          Plaintiff,             :
                                 :
     v.                          :   Civil Action No. 07-832-JJF
                                 :
HOME OF MERCIFUL REST SOCIETY,   :
INC., d/b/a KENTMERE NURSING     :
CARE CENTER,                     :
                                 :
          Defendant.             :

### MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendant's Renewed Motion To Dismiss, docketed as a Motion To Dismiss For Lack Of Prosecution. (D.I.11.)  For the reasons set forth below, the Court will issue a Show Cause Order to determine whether this case should be dismissed for failure to prosecute.

I. BACKGROUND

Plaintiff, Ronald Warne was employed by Defendant, Kentmere Nursing Care Center, as the Director of Maintenance until he was terminated on March 27, 2006.  As a result of his termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 25, 2007, 287 days after he was terminated.

Plaintiff filed this action through counsel on December 19, 2007.  On February 18, 2008, Defendant moved to dismiss the Complaint for failure to state a claim.  Although the docket

indicates that electronic notification of the motion was served to the e-mail address of Plaintiff's counsel, no response to the motion was ever filed. On May 21, 2008, Defendant filed a second motion to dismiss based on Plaintiff's failure to prosecute this action under Del. L.R. 41.1. The docket also reflects that this motion was served to the e-mail address of Plaintiff's counsel, but no response to the motion has been filed.

**II. STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with the Federal Rules or any order of court. . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Third Circuit has set forth six factors to consider when evaluating dismissal for failure to prosecute: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance the factors and need not find that all of them weigh against the

2

plaintiff to dismiss the action. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of Poulis factors are not satisfied. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1998). Moreover, when a litigant's conduct makes adjudication of the case impossible such balancing under Poulis is unnecessary. See Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).

### III. DISCUSSION

Applying the Poulis factors to the circumstance of this case, the Court concludes that Plaintiff's failure to prosecute this action could result in dismissal, particularly in light of Plaintiff's failure to respond to the instant Motion. Plaintiff initiated this case in December and has failed to take any action in the case for more than six months. Plaintiff's dilatoriness has stalled this litigation and hampered Defendant's ability to defend the action. Plaintiff has provided no correspondence to the Court explaining his failure to respond to Defendant's motions or otherwise litigate this case. In these circumstances, the Court is left with no other conclusion than Plaintiff has willfully failed to prosecute this action.

> Del. L.R. 41.1 provides:
>
> Subject to the provisions of Fed. R. Civ. P. 23 and 23.1, in each case pending wherein no action has been

>   taken for a period of 3 months, the Court may, on its
>   motion or upon application of any party, and after
>   reasonable notice and opportunity to be heard, enter an
>   order dismissing such case unless good reason for the
>   inaction is given.  After any such application or
>   notice from the Court, no application for a continuance
>   or any proceeding taken under the discovery rules shall
>   be deemed to toll the operation of this Rule.

Consistent with this rule, the Court will provide Plaintiff with a final opportunity to explain his delay and avoid dismissal of this action.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff shall show cause why this action should not be dismissed with prejudice by submitting a written explanation for his failure to respond to Defendant's pending Motion and a written explanation as to why he has not prosecuted the alleged claims no later than **August 15, 2008**.  Failure to comply with this Order will result in the Court dismissing all of Plaintiff's claims.

July 31, 2008
DATE

_Joseph J. Farnan Jr._
UNITED STATES DISTRICT JUDGE

4